James E. Mercante (JM 4231)
Patrick J. Corbett (PC2076)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioner
CHRISTOPHER RE





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

ORENSTEIN, M.J.

of

CHRISTOPHER RE as owner of M/Y CHRIS-
SEA, a 1995 37-Foot SEA RAY SUNDANCER
Vessel for Exoneration from or Limitation of
Liability,

Petitioner.

**VERIFIED COMPLAINT FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY**

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E D N Y

★   JAN 1 7 2007   ☆

BROOKLYN OFFICE

CHRISTOPHER RE (hereinafter "Petitioner"), by his attorneys, RUBIN, FIORELLA &

FRIEDMAN LLP, for his Verified Complaint seeking Exoneration from or Limitation of Liability,

alleges, upon information and belief, as follows:

1.      This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46

U.S.C. § 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain

Admiralty and Maritime Claims, as hereinafter more fully appears.

2.      Petitioner, CHRISTOPHER RE, resides at 147 Biltmore Boulevard, Massapequa,

New York.

3.      At all times relevant herein, Petitioner was the owner of the M/Y CHRIS-SEA, a 37-

1

foot SeaRay Sundancer Vessel (hereinafter referred to as the "Vessel").

4.      On or about August 2, 2006, it is alleged that the Vessel was docked on navigable waters at or near Freeport, County of Nassau, New York, JOSEPH P. GIORDANO, a guest, while boarding or aboard the vessel, alleges that he sustained personal injuries.

5.      As a consequence of the alleged incident, JOSEPH P. GIORDANO, on or about October 26, 2006, commenced a law suit in the Supreme Court of the State of New York, County of Nassau, bearing Index No.:06-017864 , against Petitioner CHRISTOPHER RE, and others, seeking money damages for personal injuries that are likely to exceed Petitioners' interest in the vessel.

6.      Petitioner was not onboard or operating the Vessel at the time of the aforementioned incident.

7.      The alleged injuries to JOSEPH P. GIORDANO were not due to any fault, neglect, or want of care on the part of Petitioner, or the Vessel, and occurred without Petitioner's privity or knowledge.

8.      The post-casualty value of the Vessel was $70,000, the amount for which Petitioner sold the Vessel on or about October 6, 2006. (**EXHIBIT A**, Seller's Statement).

9.      Petitioner, pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, offers an *Ad Interim* Security in the amount of $70,000, said amount being not less than the value of Petitioner's interest in the Vessel on the date of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

10.     Venue in this district is proper as JOSEPH P. GIORDANO has commenced an action in The Supreme Court of the State of New York, County of Nassau, which Court is within

2

this district. Fed. R. Civ. P., Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(9).

11.     Petitioner is entitled to Exoneration from liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioner alleges that he has valid defenses thereto on the facts and law.

12.     Petitioner claims, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et. seq.* and the various statutes supplementary thereto and amendatory thereof.

13.     Petitioner has provided security herewith in the form of an *Ad Interim* Security sufficient to cover his interest in the Vessel with surety ("*Ad Interim* Security") for the payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioner prays:

(1)     That this Court adjudge that Petitioner is not liable for any loss, injury, or damage arising out of the accident; or,

(2)     If Petitioner is adjudged liable, that such liability be limited to the value of his interest in the Vessel in the maximum amount of $70,000 and that Petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner from all further liability.

3

(3)     That this Court issue an Order to include the following:

    (a)     Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability to file their respective claims with the Clerk of this Court and to serve on Petitioner's undersigned counsel a copy thereof on or before a date to be named in the Notice.

    (b)     Directing Petitioner to file an *Ad Interim* Security, as security for the benefit of any and all Claimants, in the amount of Petitioner's interest in the Vessel as of the date of the accident, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

    (c)     Directing that upon Petitioner's filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioner, his representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4)     That Petitioner may have such other and further relief as the justice of the cause may require.

Dated: January____, 2007

RUBIN, FIORELLA & FRIEDMAN LLP
*Attorneys for Petitioner*
*CHRISTOPHER RE*

By: _____

James E. Mercante, Esq., (JM 4231)
Patrick J. Corbett, Esq. (PC2076)
292 Madison Avenue, 11th Floor
New York, New York 10017
Ph: 212 953-2381
Fax: 212 953-2462
E-Mail: pcorbett@rubinfiorella.com
Our File No. 431-8096

5

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I verify under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2007

CHRISTOPHER RE

**EXHIBIT   A**



At the Manasquan River Club
217 Riverside Dr.
Brick, NJ 08724

Phone          732-840-1400
Facsimile      732-840-9115
Website        jerseyshoreyachts.com

## Seller's Statement

October 4, 2006

## Buyer

Wayne Carbone
964 Seagull Dr
Lanoka Harbor, NJ 08734

**Vessel HID#:** SERF4178H495
**Vessel Desc:** 37' Sea Ray Sundancer '95
**Trailer Brand and ID#:** N/A

## Seller

Christopher Re'
147 Biltmore Blvd
Massapequa, NY 11758

**USCG#:** 1061908

| | |
|---|---|
| Gross Selling Price | $70,000.00 |
| Credit for Repairs | $    000.00 |
| Net Selling Price | $70,000.00 |
| Bank Payoff | $00,000.00 |
| Balance | $70,000.00 |
| JSYS Commission on Gross | $ 6,000.00 ($3,000 To Dimillio's + $3,000 To JSYS) |
| Balance due | $64,000.00 |

Jersey Shore Yacht Sales to pay balance in a check made out to:

Christopher Re

Check Description/Number: JSYS # 3393 & 3394

Name: _Karen Freda_                          Date: _10/4/06_
Signed by Customer:
Name: _____                          Date: _10/4/06_
Signed by JSYS Principle:

Customer Copy

**EXHIBIT   B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

        of                                         CV

CHRISTOPHER RE as owner of 1995 SEA RAY    *AD INTERIM* **SECURITY**
SUNDANCER Vessel for Exoneration from or
Limitation of Liability,

                  Petitioner.

**WHEREAS,** Petitioner, CHRISTOPHER RE , as owner of a 1995 SEARAY SUNDANCER Vessel (the "Vessel") is instituting a proceeding in this Court for Exoneration from or Limitation of Liability in respect to the claim for injury arising out of an incident which is claimed to have occurred on August 2, 2006, boarding or on board the Vessel, and;

**WHEREAS**, the Petitioner's Vessel was upon navigable waters at or near Freeport, Long Island, County of Nassau, State of New York, when it is alleged that an incident occurred causing injury to JOSEPH P. GIORDANO, as more fully set forth in the Verified Complaint filed herein, and

**WHEREAS,** Petitioner wishes to provide this *Ad Interim* Security in the amount of the value of the Vessel as security for any and all claims arising from the accident.

**WHEREAS,** the value of Petitioner's interest in the Vessel described above has been fixed at $70,000 as appears in **Exhibit A** to the Verified Complaint filed herein;

**NOW, THEREFORE,** in consideration of the premises, Ace American Insurance Company, issuer of a Yachtsman Policy pertaining to the subject Vessel, having an office and place of business at 140 Broadway, New York, New York, hereby undertakes in the sum of $70,000.00 with interest thereon at the rate of 6% per annum from the date hereof. If this security is contested by

motion, then within thirty (30) days after entry of an Order confirming the report of an independent

marine surveyor appointed by the Court to appraise the value of the Vessel, Ace American Insurance

Company will file in this proceeding a *revised Ad Interim* Security conforming to such appraised

value up to the hull insurance limits of liability in its Yachtsman Policy and in the interim, this *Ad

Interim* Security shall stand as security for all Claims filed in said limitation proceeding;

**FURTHERMORE**, solely for the limited purposes of any suit based upon this *Ad Interim*

Security, Ace American Insurance Company hereby submits itself to the jurisdiction of this Court

and designates RUBIN, FIORELLA & FRIEDMAN LLP its agents for service of process, and Ace

American Insurance Company agrees to pay the amount awarded by the final decree rendered by this

Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with

interest as aforesaid, unless the post-casualty value of the Vessel shall have been paid into Court or

a bond or *revised Ad Interim* Security thereof shall have been given as aforesaid, in which event this

Security shall be void.

**FURTHERMORE**, it is understood and agreed that the execution of this *Ad Interim* Security

by the undersigned shall be binding only on Ace American Insurance Company as aforesaid.

Dated: January __16__, 2007

ACE AMERICAN INSURANCE COMPANY

By: _Urcaula Martin_

Its: _____

STATE OF DELAWARE

~~STATE OF PENNSYLVANIA~~        )

- 2 -

) ss.:

COUNTY OF ~~PHILADELPHIA~~ Delaware )

On this 11th day of January, 2007, before me personally came TWANDA MARTIN being by me duly sworn, did depose and say that he/she is a Claim Representative with Ace American Insurance Company and that he/she executed the foregoing *Ad Interim* Security, and that he/she executed same pursuant to official powers and duties.

Sworn to before me this
11 day of January, 2007

Elizabeth Brinkman
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELIZABETH L. BRINKMAN, Notary Public
Radnor Twp., Delaware County
My Commission Expires July 29, 2009